**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ROBERT YATES, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:10-CV-02546-RWS |
| GMAC MORTGAGE LLC, and : | |
| MCCURDY AND CANDLER : | |
| LLC, : | |
| : | |
| Defendants. : | |
| : | |

**ORDER**

This case is before the Court for consideration of Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction [2] and Defendant GMAC Mortgage LLC's Motion for Summary Judgment [8]. After reviewing the record, the Court enters the following order.

**Background**[1]

---

[1] The following discussion is taken wholly from the Defendant GMAC Mortgage LLC's Statement of Material Facts [8-1] ("SOF"). As a preliminary matter, Plaintiff is required in his response to directly refute, state a valid objection to the admissibility of, or point out the insufficient support for or immateriality of each statement of fact included in Defendant's statement of facts. LR 56.1(B)(2)(a)(2), NDGa. Plaintiff has failed to submit the response required by Local Rule 56.1. The Court has reviewed movant's citations to the record in order to ensure that there is, indeed, no genuine issue of material fact. See Reese v. Herbert, 527 F.3d 1253, 1269

Plaintiff Robert Yates ("Plaintiff") obtained a mortgage loan from New Century Mortgage Corporation on November 8, 2005, which was secured by real property located at 2820 Greystone Cove South, Atlanta, DeKalb County, Georgia. This loan was later assigned to U.S. National Bank Association on March 24, 2010. (SOF ¶¶ 1-3). Defendant GMAC Mortgage, LLC ("Defendant") was the servicer on the loan. (Id. ¶ 4). Plaintiff went into default and has failed to make a loan payment since 2006. (Id. ¶ 5). After providing notice to Plaintiff and properly advertising the sale, Defendant's agent, the law firm of McCurdy and Candler, LLC, conducted a nonjudicial foreclosure sale on September 7, 2010. (Id. ¶¶ 6-10).

Thereafter, Plaintiff initiated a series of lawsuits in the Superior Courts of DeKalb, Fulton, and Gwinnett counties in an attempt to forestall foreclosure. All of these actions were dismissed. (Id. ¶ 12). Plaintiff filed the instant action in DeKalb County on August 2, 2010. On August 13, 2010, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441. (Dkt. No. [1-1, 1-2]). Defendant thereafter filed the instant motion for summary judgment on November 11, 2010. On November 12, 2010, the Clerk of Court provided

---

(11th Cir. 2008). Therefore, the SOF is deemed admitted in full. See Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1302 (11th Cir. 2009).

notice to Plaintiff that he was to respond to Defendant's motion within 20 days of its service. Plaintiff failed to respond within that time period. Therefore, the present motion is deemed unopposed.

## Discussion

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

## I.    Injunctive Relief

Plaintiff seeks to enjoin the sale of his property. To warrant injunctive relief, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, --- U.S. ----, 129 S.Ct. 365, 374, 172 L. Ed. 2d 249 (2008). However, Plaintiff's request for an injunction is moot, as the foreclosure sale occurred on September 7, 2010. (See SOF ¶¶ 10-11). The Court is powerless to enjoin what has already occurred. Therefore, any remaining claims survive only to the extent that Plaintiff seeks to recover

4

damages. Accordingly, Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction is **DENIED** as moot.

## II.  Claims for Damages

In the Complaint, Plaintiff has alleged violations of various federal laws[2] and seeks unspecified money damages for such violations. (Complaint ¶¶ 6, 9, 12). The Court analyzes the merit of these claims below.

### A.  TILA Claims

Plaintiff's TILA claims are predicated on Defendant's alleged failure to provide accurate information required under TILA prior to the closing of the loan. Plaintiff seeks rescission of the loan agreement as well as damages stemming from Defendant's alleged TILA violations. (Complaint ¶¶ 6, 10).

Actions for monetary damages under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); see also Velardo v. Fremont Investment & Loan, 298 F. App'x 890, 892 (11th Cir. 2008); Martin v. Citimortgage, Civ.A. No. 1:10-CV-00656-TWT-AJB, 2010 WL 3418320, at * 5 (N.D. Ga. Aug. 3, 2010).

---

[2] Plaintiff lists a number of federal laws throughout the Complaint, including the Real Estate Settlement Procedures Act, 12 U.S.C. § 1601 et seq. ("RESPA"); the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"); and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.. (See generally Dkt. No. [1-1]).

The Court concludes that Plaintiff's claims for damages under TILA are time barred. Plaintiff's claims with respect to Defendant's alleged failure to provide certain disclosures arose in November 2005, when the loan closed, yet Plaintiff waited until August 2010 to file the lawsuit against Defendant raising these claims. Therefore, these claims for damages are untimely, as they were filed well after the one year statute of limitations expired.

B.   Unfair and Deceptive Trade Practices Claim

Plaintiff alleges that Defendant engaged in "an unfair and deceptive trade practice" with respect to the loan agreement in violation of the Georgia Fair Business Practices Act of 1975, O.C.G.A. § 10-1-390 et seq. ("FBPA"). (Complaint ¶ 6).[3] However, Defendant asserts that any such FBPA claims fail because the home mortgage industry is a regulated industry and therefore beyond the reach of the FBPA.

The FBPA "protect[s] consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in

---

[3] While the Complaint does not specify which provision of Georgia law has been violated, the FBPA is the provision of Georgia law governing unfair and deceptive practices. See Henderson v. Gandy, 280 Ga. 95, 95, 623 S.E.2d 465, 467 (2005); Scott v. Team Toyota, 276 Ga. App. 257, 258, 622 S.E.2d 925, 927 (2005). As such, the Court concurs with Defendant's reading of the Complaint's language about unfair and deceptive trade practices as referring to the FBPA.

6

part or wholly in the state," O.C.G.A. § 10-1-391(a). However, this statute does not apply to "[a]ctions or transactions specifically authorized under laws administered by or rules and regulations promulgated by any regulatory agency of [Georgia] or the United States." O.C.G.A. § 10-1-396(1). "[T]he legislature 'intended that the Georgia FBPA have a restricted application only to the unregulated consumer marketplace and that the FBPA not apply in regulated areas of activity, because regulatory agencies provide protection or the ability to protect against the known evils in the area of the agency's expertise.' " Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1336 (N.D. Ga. 2000) (citing Chancellor v. Gateway Lincoln-Mercury, Inc., 233 Ga. App. 38, 43, 502 S.E.2d 799 (1998)).

This Court has previous held that mortgage transactions are not subject to the FBPA, as the conduct at issue is regulated by TILA, RESPA, and the Georgia Residential Mortgage Act. See Figueroa v. JP Morgan Chase Bank, N.A., Civ. A. No. 1:09-CV-1874-RWS, 2010 WL 4117032, at *5 (N.D. Ga. Oct. 7, 2010). Therefore, to the extent that Plaintiff's claims rely on the FBPA, such claims fail as a matter of law.

7

C.     RICO Claim

Plaintiff also asserts a federal RICO claim for damages. (Complaint ¶ 12). A civil RICO plaintiff must plead and prove (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Langford v. Rite Aid of Alabama, Inc., 231 F.3d 1308, 1311-12 (11th Cir. 2000). A pattern of racketeering activity is defined as two "predicate acts" of racketeering activity within a 10-year period. Id. Plaintiff, at most, has alleged a single instance of such activity, i.e., Defendant's alleged provision of a loan with substantially different terms than promised.

Moreover, a civil action under RICO is subject to a four-year statute of limitations. Rotella v. Wood, 528 U.S. 549, 553, 120 S. Ct. 1075, 1079-80, 145 L. Ed. 2d 1047 (2000). The period begins to run as soon as the plaintiff knows or should know of the injury and the pattern of racketeering activity, but begins to run anew upon each predicate act forming part of the same pattern. Id. at 554, 120 S. Ct. at 1080.

Here, Plaintiff alleges a RICO claim arising out of events occurring in November 2005, i.e., the closing of his mortgage loan. However, Plaintiff did not file the present action until August 2010. The Complaint includes no dates

of other predicate acts other than those surrounding the closing of the loan in November 2005.  Thus, this RICO claim is time barred.

### D. RESPA Claim

Plaintiff also seeks damages for Defendant's alleged violation of the RESPA statute.  Plaintiff alleges that Defendant has failed to respond adequately to a qualified written request for information regarding his loan. (Complaint ¶¶ 5, 9).  Plaintiff appears to rely on Section 2605, which provides that "[i]f any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days . . . unless the action requested is taken within such period." 12 U.S.C. § 2605(e)(1)(A).  Any action for a violation of Section 2605 must be brought within three years.  Id. § 2614.

In seeking summary judgment on Plaintiff's RESPA claims, Defendant asserts only that such claims are time-barred, noting that Plaintiff's loan originated in November of 2005 while Plaintiff commenced this action on August 2, 2010.  However, the record contains a letter from Plaintiff addressed to Defendant labeled "Qualified Written Request" and dated May 24, 2010,

9

well inside the three-year limitations period. Defendant fails to address this document at all in its motion for summary judgment. Therefore, viewing the facts in the light most favorable to Plaintiff, the instant motion for summary judgment cannot be granted on the ground identified by Defendant.

However, the Court also notes that Plaintiff has offered no evidence supporting this claim beyond a bare allegation that Defendant breached its duty under RESPA. In the Complaint, Plaintiff alleges factually that Defendant failed to respond to a qualified written request, sent several letters challenging the amount which Defendant alleged was due, and requested information regarding payments made on the loan. (Complaint ¶¶ 5, 9). Plaintiff alleges no additional facts in support of this RESPA claim, and merely alleges that "[D]efendant has failed to respond to these letters in violation of [RESPA]." (Complaint ¶ 9).

In particular, Plaintiff has failed to allege either (1) actual damages from this failure or (2) a pattern or practice of noncompliance with section 2605 that would warrant statutory damages. Such an allegation is a necessary element of any claim under this section. Id. § 2605(f). Plaintiff claims that he is "entitled to damages from defendant," but has failed to articulate any facts showing how Defendant's failure to respond or inadequate response to the RESPA requests

10

resulted in any damages or the amount of such damages. Plaintiff has thus failed to sufficiently allege a violation of section 2605 of RESPA. See Frazile v. EMC Mortg. Corp., 382 F. App'x 833, 836 (11th Cir. 2010).

Therefore, the Court finds that Defendant may be entitled to summary judgment on Plaintiff's RESPA claim on a ground not raised by Defendant; i.e., due to the failure of Plaintiff to allege or proffer evidence of damages resulting from Defendant's alleged noncompliance with its duty under RESPA. See FED. R. CIV. P. 56(f)(2) (allowing the court to grant summary judgment "on grounds not raised by a party" after giving reasonable notice and an opportunity to respond).

Because this ground for summary judgment was not raised by Defendant, Plaintiff is entitled to notice and a reasonable time to respond. Plaintiff is therefore directed to file a response no later than **twenty-one (21) days** from the entry of this Order and state why summary judgment should not be granted on this claim on behalf of Defendant. See LR 56.1(A), NDGa (providing party opposing summary judgment "twenty-one (21) days after service of the motion or a responsive pleading is due, whichever is later, in which to file a responsive pleading"). Defendant may file a reply not later than fourteen (14) days after the filing of any response by Plaintiff.

11

### Conclusion

For the aforementioned reasons, Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction [2] is **DENIED** as moot.  Defendant's Motion for Summary Judgment [8] is **GRANTED IN PART** and **DENIED IN PART**.  Defendant's Motion for Summary Judgment is **DENIED** with respect to Plaintiff's RESPA claim and **GRANTED** with respect to all other claims against Defendant GMAC Mortgage, LLC.  Plaintiff shall file a response as to Plaintiff's remaining claim as herein directed no later than **twenty-one (21) days** after the entry of this Order.

**SO ORDERED**, this   17th   day of December, 2010.


_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)